UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEOFILO REGUS,                       :
              Plaintiff,             :
                                     :
         v.                          :     CA 10-76 ML
                                     :
CITIBANK (SOUTH DAKOTA), N.A.,       :
A.K.A. CITIFINANCIAL,                :
              Defendant.             :


## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court is Defendant's Motion to Dismiss (Document ("Doc.") #4) ("Motion to Dismiss" or "Motion"). By the Motion Defendant Citibank (South Dakota), N.A. ("Defendant" or Citibank"), seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff Teofilo Regus ("Plaintiff"), acting pro se, has not filed an objection to the Motion.

The Motion to Dismiss has been referred to me for

---

[1] Federal Rule of Civil Procedure 12(b) provides in relevant part that:

Every defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required. But a party may assert the following defenses by motion:

...

(6) failure to state a claim upon which relief can be granted; and

....

Fed. R. Civ. P. 12(b).

preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court has determined that no hearing is necessary.  After reviewing the filings and performing independent research, I recommend that the Motion to Dismiss be granted.

I.    **Facts[2] and Travel**

This case arises out of Defendant's repeated misreporting of a payment history by Citibank on Plaintiff's credit reports, despite Plaintiff's repeated protests to Citibank that the account reporting should be deleted.  Complaint ¶ 5.  Citibank made the incorrect entries on Plaintiff's credit reports and transferred said information to the credit reporting agencies, and Citibank again failed to correct Plaintiff's credit report. Id. ¶ 6.  The transactions involve a Citibank Home Depot account. Id. ¶ 7.  Defendant failed to take corrective measures and failed to investigate the dispute[3] and continued to report the incorrect

---

[2] The facts are taken primarily from Plaintiff's Complaint (Doc. #1) and are assumed to be true for purposes of this Report and Recommendation.

[3] Plaintiff previously sued The Home Depot and "Cbsd" in Rhode Island Sixth Division District Court under Docket No. 08-1095.  See Memorandum in Support of Citibank (South Dakota), N.A.'s Motion to Dismiss Plaintiff's Complaint ("Defendant's Mem."), Exhibit ("Ex.") A (Small Claims Notice of Suit).  Plaintiff alleged that:

On[] January 16, 2008[,] Equi[f]ax Credit Reporting [r]eturned a result of an investigation of a dispute on [c]redit [r]eporting for the Home Depot account number ....  This account was closed on 9/24/06 paid in full for the amount of $437.96 but the creditor reported 30 day lates on 12/06-3/07. This has an adverse effect on my credit standing.

information.  See id. ¶ 8.  Defendant repeatedly failed and
refused to properly reinvestigate items in Plaintiff's credit
report.  Id. ¶ 9.  Despite having actual knowledge that certain
information did not properly pertain to Plaintiff, Defendant
continued to maintain said information in Plaintiff's file and
continued to report said information to third parties.  Id. ¶ 10.

On or about February 1, 2010, Plaintiff filed a complaint,
Case No.: PC 10-0294, in the Superior Court of Rhode Island for
Providence County.  See Petition for Removal (Doc. #1), Exhibit
("Ex.") A (state court complaint, summons, and proof of service)
at 1.  Defendant removed the matter to this Court pursuant to 28
U.S.C. §§ 1331, 1441(b), and 1446 on or about February 22, 2010.
See Petition for Removal at 1; see also Docket.  On March 1,
2010, Defendant filed the instant Motion to Dismiss.  See Docket.
Plaintiff's response to the Motion was due on March 18, 2010.
See id.  When no response was filed, this Magistrate Judge on
March 26, 2010, issued a notice to Plaintiff, directing him to
file an objection to the Motion by April 6, 2010, and warning him
that if he failed to do so, the Court would address the Motion to
Dismiss without the benefit of a response from Plaintiff.  See
Notice to Plaintiff re Pending Motion to Dismiss (Doc. #5)

---

Id. at 1.  The action was dismissed on March 13, 2008, because
"Plaintiff failed to appear today to prosecute [his] claim."  Id. at
2; see also id. at 1.  Defendant was present and asked the court to
grant its Motion to Dismiss, which the court did.  Id.  Defendant
voluntarily dismissed its counterclaim.  Id.

("Order of 3/26/10"); <u>see also</u> Docket.  Plaintiff did not file an objection or other response to the Motion by April 6, 2010, or anytime thereafter.  <u>See</u> Docket.  Therefore, the Court proceeds to address the pending Motion to Dismiss.  <u>See</u> Order of 3/26/10 at 1.

## II.  Law

### A.  Pro Se Status

Plaintiff is proceeding pro se, and his Complaint is held to a less stringent standard than one drafted by a lawyer.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594 (1972).  It is to be "read ... with an extra degree of solicitude."  <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991).  The Court is required to liberally construe a pro se complaint, <u>see</u> <u>Strahan v. Coxe</u>, 127 F.3d 155, 158 n.1 (1st Cir. 1997); <u>Watson v. Caton</u>, 984 F.2d 537, 539 (1st Cir. 1993), and may grant a motion to dismiss "only if plaintiff cannot prove any set of facts entitling him to relief," <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).  At the same time, a plaintiff's pro se status does not excuse him from complying with procedural rules.  <u>See</u> <u>Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.</u>, 209 F.3d 18, 24 n.4 (1st Cir. 2000).  The Court construes Plaintiff's Complaint liberally in deference to his pro se status.

### B.  Rule 12(b)(6) Standard

In ruling on a motion to dismiss pursuant to Rule 12(b)(6),

the Court must view the stated facts in the light most favorable
to the pleader, In Re Credit Suisse First Boston Corp., 431 F.3d
36, 51 (1st Cir. 2005); see also Greater Providence MRI Ltd.
P'ship v. Med. Imaging Network of S. New England, Inc., 32
F.Supp.2d 491, 493 (D.R.I. 1998), taking all well-pleaded
allegations as true and giving the pleader the benefit of all
reasonable inferences that fit the pleader's stated theory of
liability, Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.,
421 F.3d 1, 5 (1st Cir. 2005); see also Arruda v. Sears, Roebuck
& Co., 310 F.3d 13, 18 (1st Cir. 2002).  To survive a motion to
dismiss, a complaint must contain sufficient factual matter,
accepted as true, to "state a claim for relief that is plausible
on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937,
1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
570, 127 S.Ct. 1955 (2007)).  A claim has facial plausibility
when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for
the misconduct alleged.  Id.; see also Bell Atl. Corp. v.
Twombly, 550 U.S. at 555 ("Factual allegations must be enough to
raise a right to relief above the speculative level ....").
While a complaint attacked by a Rule 12(b)(6) motion to dismiss
does not require detailed factual allegations, Bell Atl. Corp. v.
Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 129 S.Ct.
at 1949, "a pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do,'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555).  The fact that a motion to dismiss under Rule 12(b)(6) is unopposed does not relieve the district court of its obligation to examine the complaint to determine whether it is formally sufficient to state a claim. See <u>Barber v. Verizon New England, Inc.</u>, No. C.A. 05-390ML, 2005 WL 3479834, at *1 (citing <u>Pomerleau v. W. Springfield Pub. Sch.</u>, 362 F.3d 143, 145 (1st Cir. 2004)).

The Court, however, is not required to "credit bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." <u>Aponte-Torres v. Univ. of Puerto Rico</u>, 445 F.3d 50, 54 (1st Cir. 2006)(internal quotation marks omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 557)(alteration in original).  Rule 12(b)(6) is forgiving, <u>see</u> <u>Campagna v. Mass. Dep't of Envtl. Prot.</u>, 334 F.3d 150, 155 (1st Cir. 2003), but it "is not entirely a toothless tiger," <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005)(quoting <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 67 (1st Cir. 2004)(quoting <u>Dartmouth Review v. Dartmouth Coll.</u>, 889 F.2d 13, 16 (1st Cir. 1989))).  A plaintiff must allege facts in support of "each material element

necessary to sustain recovery under some actionable legal

theory." Campagna, 334 F.3d at 155.

## III. Discussion

Defendant argues that the Motion to Dismiss should be

granted because:

(1)   Plaintiff's Complaint is barred by the doctrine of
      res judicata;
(2)   All of the claims in Plaintiff's Complaint are time
      barred under 15 U.S.C. § 1681p; and
(3)   Plaintiff's Complaint fails to allege facts
      sufficient to state a cause of action under the
      Fair Credit Reporting Act ("FCRA").

Motion to Dismiss at 1.  As noted previously, Plaintiff has not

filed an objection to the Motion.

### A.   Res Judicata

Res judicata,[4] or claim preclusion,

renders a prior judgment by a court of competent
jurisdiction in a civil action between the same parties
conclusive as to any issues actually litigated in the
prior action, or that could have been presented and
litigated therein.  Courts employ the doctrine of res
judicata to maximize judicial efficiency by eliminating
duplicative litigation, because such lawsuits only serve
to waste the courts' finite resources.  Res judicata also
operates to prevent multiple and possibly inconsistent
resolutions of the same lawsuit.

DiBattista v. State, 808 A.2d 1081, 1085-86 (R.I. 2002)(citations

and internal quotation marks omitted); see also Comm'r of

Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715

---

[4] Res judicata is a Latin term meaning "[a] matter adjudged ...."
ElGabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996)(quoting Black's Law
Dictionary 1305 (6th ed. 1990))(alteration in original).

(1948)(describing doctrine of res judicata).  "When invoked, it makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or, that could have been presented and litigated therein." ElGabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996); see also DiBattista v. State, 808 A.2d at 1086 ("Under this rule, all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action.").

Federal district courts are required to "give state court judgments the same res judicata effect that the state's own law prescribes." Keating v. Rhode Island, 785 F.Supp. 1094, 1098 (D.R.I. 1992); see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892 (1984)("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); DiPinto v. Sperling, 9 F.3d 2, 4 (1st Cir. 1993) ("Federal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered.").  Under Rhode Island law, res judicata "bars any relitigation (1) of the same cause of action (2) between the same parties or their privies (3) after final judgment has been rendered on the merits in the first suit." Keating v. Rhode Island, 785 F.Supp. at 1098; see also

DiBattista v. Rhode Island, 808 A.2d at 1086 ("*Res judicata* serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.")(citations and internal quotation marks omitted); ElGabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996) (same).

Citibank argues that "it is clear that Plaintiff seeks to assert in the instant case the same claims brought in the [prior action]." Defendant's Mem. at 1. As a result, Citibank contends that "Plaintiff's claims clearly are defeated based on res judicata," id. The Court is compelled to agree.

First, although Plaintiff has provided the Court with little factual information, it appears that the causes of action pled in the instant Complaint and in Plaintiff's first complaint in state court, filed under Docket No. 08-1095 in Rhode Island District Court, Sixth Division, on or about February 28, 2008, derive from the same nucleus of operative facts. Compare Complaint ¶¶ 5-7 with Defendant's Mem., Ex. A at 1. In both documents, Plaintiff complains that a dispute involving a Home Depot account, apparently through Citibank, was misreported on his credit report to his detriment. See Complaint ¶¶ 5-10; Defendant's Mem., Ex. A at 1; see also Pelumi v. Rhode Island, C.A. No. 09-255ML, 2009 WL 2426050, at *3 (D.R.I. June 17, 2009)(quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995))

("[I]n determining whether two causes of action[] are distinct, a court must analyze whether the 'party has advanced claims in multiple litigations which derive from the same nucleus of operative facts.'").

Second, there is an identity of parties. See Pelumi, 2009 WL 2426050, at *3 ("Plaintiff has sued substantially the same parties in the later filed cases as he did in those cases that were dismissed by this Court."). Although The Home Depot is not a named defendant in Plaintiff's current Complaint, Citibank is, as it was in Plaintiff's prior action. Compare Complaint at 1 with Defendant's Mem., Ex. A at 1.

Third, the involuntary dismissal of Plaintiff's earlier complaint in the state district court operated as a dismissal on the merits. See R.I. Dist. Ct. R. 41(b)(3) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits."); see also R.I. Gen. Laws § 10-16-8(a) (1997 Reenactment) ("If the plaintiff does not appear at the time set for the hearing, the court may dismiss the claim and action for want of prosecution, or enter judgment for the defendant for his or her costs, or make such other disposition of the case as may be proper."). Here, the district court did not

10

otherwise specify, <u>see</u> Defendant's Mem., Ex. A at 1; <u>see also</u> <u>id.</u>
at 2 (clerk's note under "other dispositions" that "Plaintiff
failed to appear today to prosecute claim.  Defendant present-
asked Motion to Dismiss be granted.  <u>MTD granted</u>.  Defendant
dismissed its own counterclaim.").

   As it appears that the causes of action derive from the same
nucleus of operative facts, the parties are substantially the
same, and the dismissal of Plaintiff's prior complaint is
considered a dismissal on the merits, Plaintiff's current claims
are barred by the doctrine of res judicata.  I therefore
recommend dismissal of the Complaint on this basis.

   **B.   Statute of Limitations**

   The FCRA contains an explicit statute of limitations:

> An action to enforce any liability created under this
> subchapter may be brought in any appropriate United
> States district court, without regard to the amount in
> controversy, or in any other court of competent
> jurisdiction, **not later than the earlier of**--
> (1) 2 years after the date of discovery by the plaintiff
> of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is
> the basis for such liability occurs.

15 U.S.C. § 1681p (bold added); <u>see also</u> <u>Bittick v. Experian</u>
<u>Info. Solutions, Inc.</u>, 419 F.Supp.2d 917, 918 (N.D. Tex. 2006)
("The limitations period for a claim under the FCRA is the
*earlier* of two years after the date of discovery by the plaintiff
of the violation or five years after the date on which the
violation occurred.").

Citibank argues that Plaintiff's claims are time-barred, <u>see</u> Defendant's Mem. at 1, because in his prior action

> Plaintiff expressly admitted that he discovered the supposedly inaccurate information "on[] January 16, 2008[,]" when "Equifax Credit Reporting [r]eturned a result of an investigation of a dispute on [c]redit [r]eporting for the Home Depot account number ...." Although the current Complaint makes no date references, it expressly is based on the credit reporting for the same Account. Assuming Plaintiff's allegations to be true, Plaintiff plainly discovered the purportedly inaccurate reporting on or about January 16, 2008, and the instant lawsuit would have [to have been] filed no later than January 16, 2010. Plaintiff, however, filed this action on February 1, 2010 — two weeks after the statute of limitations had run.

Defendant's Mem. at 5 (internal citations omitted). The Court is constrained to agree.

By Plaintiff's own admission, he discovered the violation on January 16, 2008. <u>See</u> Defendant's Mem., Ex. A at 1 ("On[] January 16, 2008[,] Equifax Credit Reporting [r]eturned a result of an investigation of a dispute ...."). Thus, his Complaint, filed on or about February 1, 2010, <u>see</u> Complaint at 1, more than two years after he discovered the alleged violation, is time-barred and should be dismissed on this basis. <u>See Hancock v. Charter One Mortgage</u>, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008)("The [plaintiffs] knew of the errors on their credit report more than two years before they filed suit. As a result, their claim is barred by the statute of limitations set forth in § 1681p."); <u>see also id.</u> (granting defendants' motion to dismiss); <u>cf. Gibbs v. SLM Corp.</u>, 336 F.Supp.2d 1, 10 (D. Mass.

12

2004)("Thus, by no later than April, 1997, [plaintiff] knew or should have known that the representation that the terms of the Consolidated Loan remained unchanged from prior loans was false. Since suit was not brought until 2003, well beyond the 3-year statute of limitations for tort claims, Count II is time-barred.").  I so recommend.

### C.    Failure to State a Claim

The FCRA places obligations on three distinct types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies.  Consumer reporting agencies and users of consumer reports are subject to civil liability for willful or negligent violations of the FCRA.

Carney v. Experian Info. Solutions, Inc., 57 F.Supp.2d 496, 500 (W.D. Tenn. 1999); see also Chipka v. Bank of America, 355 Fed. Appx. 380, 382, 2009 WL 4598327, at *2 (11th Cir. Dec. 8, 2009) (unpublished opinion)("To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies."); Chiang v. MBNA, 634 F.Supp.2d 164, 167 (D. Mass. 2009)(same); Gibbs, 336 F.Supp.2d at 10-11 ("There are essentially three types of actors which interplay in suits under the FCRA, namely 1) consumer reporting agencies, 2) users of consumer reports, and 3) the furnishers of information to consumer reporting agencies.") (quoting Vazquez-Garcia v. Trans Union de Puerto Rico, 222

F.Supp.2d 150, 153-54 (D.P.R. 2002)).

Plaintiff alleges that Citibank "negligently violated 15 U.S.C. [§] 1681e(b) by failing to maintain reasonable procedures designed to assure maximum possible accuracy of the information [it] reported to one or more parties."  Complaint ¶ 12; see also id. ¶ 13 (same); id. ¶ 16 ("[Citibank] willfully and knowingly failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information reported to one or more third parties ... in violation of 15 U.S.C. § 1681e(b).").  Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

> The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f); see also Carney, 57 F.Supp.2d at 501 ("The statutory definition of consumer reporting agency under the FCRA requires being in the business of assembling or evaluating consumer credit information.  This implies a function which involves more than receipt and retransmission of information

14

identifying a particular debt.")(citations and internal quotation marks omitted).  Citibank argues that Plaintiff "does not, and cannot, allege facts establishing that Citibank is a [consumer reporting agency] subject to the requirements governing a [consumer reporting agency] ...," Defendant's Mem. at 6, because it is a furnisher of information, not a consumer reporting agency, see id. at 7 ("Plaintiff's allegations establish Citibank as a furnisher of information, not as a [consumer reporting agency].").

The allegations in Plaintiff's complaint make clear that Citibank is a furnisher of information, not a credit reporting agency.  See Complaint ¶ 6 ("Citibank ... made the incorrect entries on and transferred said information to the Credit Reporting Agencies ...."); see also Chipka, 355 Fed. Appx. at 382, 2009 WL 4598327, at *2 ("The statutory definition [of consumer reporting agency], however, excludes those that solely report information as to transactions between the consumer and the person making the report.")(internal quotation marks omitted); Carney, 57 F.Supp.2d at 501 ("Retailers ... that merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA.")(alteration in original). Construing Plaintiff's pro se Complaint liberally, as it must, see Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997), the

Court finds that Plaintiff intended to allege claims against Citibank as a furnisher of information.

Nonetheless, Citibank argues that Plaintiff's Complaint "does not allege facts sufficient to state a claim against Citibank as a furnisher of information."  Defendant's Mem. at 7. Citibank contends that "[g]enerally speaking, § 1681s-2 identifies two sets of duties that are imposed on furnishers: (1) the duty to provide accurate information, which is set forth in § 1681s-2(a);[5] and (2) the duty to undertake an investigation upon

---

[5] Section 1681s-2(a) provides, in relevant part:

(a) Duty of furnishers of information to provide accurate information

    (1) Prohibition

        (A) Reporting information with actual knowledge of errors

        A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

        (B) Reporting information after notice and confirmation of errors

        A person shall not furnish information relating to a consumer to any consumer reporting agency if–

            (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

            (ii) the information is, in fact, inaccurate.

    ....

16

receiving a notice of dispute from a [credit reporting agency],

which is set forth in § 1681s-2(b).[6]"   Id.; see also Chiang, 634

---

       (2) Duty to correct and update information

      A person who-

          (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

          (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

          shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

....

15 U.S.C. § 1681s-2(a).

  [6] Section 1681s-2(b) provides in relevant part:

  (b) Duties of furnishers of information upon notice of dispute

     (1) In general

     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-

          (A) conduct an investigation with respect to the disputed information;

          (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

F.Supp.2d at 167 (noting that "[s]ection 1681s-2 of the FCRA imposes two types of duties on furnishers of credit information" and describing duties); <u>Carney</u>, 57 F.Supp.2d at 501 ("Section 1681s-2 ... identifies two duties imposed upon such furnishers of information: the duty to provide accurate information [§ 1681s-2(a)] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§ 1681s-2(b)].")(second and third alterations in original).

While Plaintiff clearly alleges that Citibank violated both § 1681s-2(a) and § 1681s-2(b) by failing to correct Plaintiff's

---

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

....

15 U.S.C. § 1681s-2(b)(1).

reported errors and continuing to report those errors, <u>see</u> Complaint at 1 (noting "defendant['¹]s repeated failure to correct plaintiff's credit report of errors, and ... continu[ed] false reporting of the status [of] an account"), Plaintiff's Complaint is problematic for several reasons.  First, there is no evidence that any person or entity other than Plaintiff alleged that information reported was inaccurate.  Section 1681s-2(a)(1) makes clear that "[f]or purposes of subparagraph (A), the term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."  15 U.S.C. § 1681s-2(a)(1)(D).

Second, § 1681s-2(a) provides no private right of enforcement of its provisions.  <u>See</u> <u>Chipka</u>, 355 Fed. Appx. at 383, 2009 WL 4598327, at *2 ("Congress ... expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)."); <u>Gibbs</u>, 336 F.Supp.2d at 11 ("Pursuant to 15 U.S.C. §§ 1681s-2(c)(1) and 1681s-2(d), enforcement of violations of § 1681s-2(a) is limited exclusively to designated state and federal officials.  Consequently, courts have held that there is no private action for violations of § 1681s-2(a)."); <u>Whisenant v.</u>

19

First Nat'l Bank & Trust Co., 258 F.Supp.2d 1312, 1316 (N.D. Okla. 2003)("Congress did not create a private right of action for violations of [§ 1681s-2(a)], providing at 15 U.S.C. § 1681s-2(d) that such violations 'shall be enforced exclusively ... by the Federal agencies and officials and State officials identified in that section.'"); Aklagi v. Nationscredit Fin. Servs. Corp., 196 F.Supp.2d 1186, 1192 (D. Kan. 2002)(noting that plaintiffs had no private right of action under § 1681s-2(a) because "subsection (c) eliminates remedies to consumers for violations of subsection (a), and subsection (d) provides that the duties imposed under subsection (a) can be enforced only by government agencies and officials"); Carney, 57 F.Supp.2d at 502 ("The FCRA limits enforcement of subsection (a) of § 1681s-2 governing supplying accurate information exclusively to certain federal and/or state officers."). Thus, because Plaintiff has no private right of action, his Complaint fails to state a claim under § 1681s-2(a). See Carney, 57 F.Supp.2d at 502; see also Gibbs, 336 F.Supp.2d at 11 (noting that, to extent plaintiff purported to state claim challenging provision of inaccurate information under § 1681s-2(a), "that claim must be dismissed as there is no private right of action"); Aklagi, 196 F.Supp.2d at 1192 (noting that plaintiffs have no private cause of action for defendant's "arguable violations of subsection (a)").

Third, with regard to subsection (b) of § 1681s-2, "[t]he

majority of courts that have considered the issue have concluded
that there is a private cause of action under § 1681s-2(b) as
there is no statutory ban on such a claim." <u>Gibbs</u>, 336 F.Supp.2d
at 11 (alteration in original)(internal quotation marks omitted);
<u>see also</u> <u>Whisenant</u>, 258 F.Supp.2d at 1316 (noting that "[a]
private right of action does exist for violations of this set of
duties [under § 1681s-2(b)]").  However, such private right of
action is triggered "only if the furnisher received notice from a
consumer reporting agency, as opposed to the plaintiff alone,
that the credit information was disputed." <u>Chiang</u>, 634 F.Supp.2d
at 167; <u>see also</u> <u>Whisenant</u>, 258 F.Supp.2d at 1316 ("Courts have
consistently held that a furnisher's duty under § 1681s-2(b) is
triggered only after the furnisher receives notice of the dispute
from a consumer reporting agency.")(internal quotation marks
omitted); <u>Carney</u>, 57 F.Supp.2d at 502 ("The duties described in
subsection (b) of § 1681s-2 are triggered only upon notice
received from a consumer reporting agency, not the consumer
....").

Here, Plaintiff has not alleged that a credit reporting
agency notified Citibank of any dispute, thereby triggering
Citibank's duty to investigate and take corrective measures.  <u>See</u>
<u>Whisenant</u>, 258 F.Supp.2d at 1316 ("In the absence of such
notification, no duty arises.").  Rather, he alleges that he
reported the claimed error to Citibank.  <u>See</u> Complaint ¶ 5 ("This

case arises out of defendant's repeated misreporting of a payment history by Citibank ... on plaintiff's credit reports, despite plaintiff's repeated protests to Citibank ... that the account reporting should be deleted."). Accordingly, his claim based on violation of § 1681s-2(b) should be dismissed. <u>See</u> <u>Gibbs</u>, 336 F.Supp.2d at 11 ("In the instant case, Gibbs has not alleged that he contacted any credit reporting agency or that the agency, in turn, got in touch with any of the defendants. Under such circumstances, a complaint brought under § [1681s-]2(b) should be dismissed."); <u>Carney</u>, 57 F.Supp.2d at 502 ("Moreover, plaintiff has not alleged that a consumer reporting agency notified [defendants] so as to trigger any duty under § 1681s-2(b). Thus, plaintiff fails to state a claim under 15 U.S.C. § 1681s-2(b).").

The Court finds that Plaintiff's Complaint fails to state a claim under either § 1618s-2(a) or § 1618s-2(b) and, therefore, should be dismissed. I so recommend.

**D.  Summary**

The Court finds that Plaintiff's claims are barred by the doctrine of res judicata. The Court further finds that the Complaint is time-barred. Finally, the Court finds that Citibank is not a credit reporting agency but is, rather, a furnisher of information. Plaintiff's Complaint fails to allege facts sufficient to state a claim against Citibank as a furnisher of information. There is no private right of action under § 1618s-

2(a), and Plaintiff has not alleged that a credit reporting agency notified Citibank of a dispute, thereby triggering Citibank's duties under § 1618s-2(b). Therefore, the Complaint fails to state a claim under § 1618s-2(a) or (b).

## IV.  Conclusion

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
June 22, 2010